**Pierre C. TAYLOR, Plaintiff–Appellant,**

**v.**

**John E. POTTER, Defendant–Appellee.**

**Docket No. 02–6049.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2003.

Pierre C. Taylor, Albany, NY, for Appellant, pro se.

Sarah S. Normand, United States Attorney's Office, Southern District of New York, New York, NY, for Appellee.

Present: NEWMAN, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

In June 1999, Taylor filed a *pro se* complaint against William J. Henderson, then United States Postmaster General, alleging violations of Title VII of the Civil Rights Act of 1964.[1] During discovery, the government learned that Taylor had a history of mental illness and sought a mental examination of Taylor, pursuant to Fed. R.Civ.P. 35, which the magistrate judge granted. Based on a clinical exam of Taylor and a review of his medical record, the government moved, pursuant to Fed. R.Civ.P. 17(c), for the appointment of a guardian ad litem to represent Taylor, and the magistrate judge conducted a hearing on the matter.

At the hearing, the court asked Taylor whether he wanted the court to appoint a guardian to assume complete responsibility for his case. Taylor stated that he did. The court expressed its hesitation of appointing a guardian when there was no one to pay for it, and then provided Taylor with the alternative of postponing the case for three months so that Taylor could find an attorney. The court stated that it appeared that it would be most appropriate for Taylor to apply to the New York state court for appointment of a full and complete guardian and that it would give him an extension in the present litigation to do so. Taylor agreed to the court's recommendation and the proceedings were adjourned for six months. The court warned Taylor that failure to attempt to obtain a guardian would result in a dismissal of his complaint for failure to prosecute, but assured him that a denial of his application for a guardian would not affect his case. Soon after the conference, Taylor submitted a motion for reconsideration, in which he stated that he had not understood everything that had happened during the hearing, but he had understood the court's instruction that he seek a guardian in state court. The court denied the motion.

In June 2001, Taylor informed the court that his sister, Melissa Taylor, had been

---

1. Defendant–Appellee, John C. Potter, became United States Postmaster General on June 1, 2001, and has been automatically substituted as defendant pursuant to Fed. R.App. P. 43(c)(2).

appointed his guardian. Taylor submitted an order and report from Kings County Supreme Court, which appeared to state that Taylor had consented to his sister's appointment as his guardian.

When, after several adjournments to allow Ms. Taylor to secure counsel, no attorney had entered an appearance for plaintiff, the court ordered what it emphasized was a final adjournment to November 30, 2001 for Ms. Taylor to obtain counsel or face dismissal of the case. Although no attorney filed an appearance by the appointed date, on November 27, 2001, Ms. Taylor filed a motion "to re-establish and re-acknowledge the Plaintiff['s] ... legal right to proceed *in forma pauperis.*" Ms. Taylor stated that she believed that her brother no longer required a guardian, and that her appointment as guardian was "equal to nothing less than positioning me as a pawn, a position that [will] only do my brother a dis[s]erv[ic]e." Ms. Taylor provided no evidence that the state court had changed her status as Taylor's guardian.

In January 2002, the district court dismissed Taylor's complaint with prejudice for Ms. Taylor's failure to secure legal representation. The court noted that a guardian could not represent her ward without legal representation, and stated that Ms. Taylor had been given a considerable amount of time to find an attorney and had been warned that failure would result in dismissal. Judgment was entered on January 11, 2002. Taylor filed a timely notice of appeal on February 28, 2002.

In his appellate *pro se* brief, Taylor argues that (1) he is competent to represent himself on appeal; (2) he was wrongfully declared incompetent; and (3) the court should not have permitted his sister to act as his representative. In response, the government argues that (1) Melissa Taylor, as Taylor's guardian, is the real party in interest to the appeal; (2) it was a proper use of discretion for the magistrate judge to refer Taylor to state court to apply for a general guardian; and (3) the magistrate judge properly dismissed Taylor's complaint for Ms. Taylor's failure to secure legal representation.

During oral arguments, the Court learned that Ms. Taylor's status as the appellant's guardian is not as concrete as first believed. The government has since informed the Court that, according to the chambers of the New York Supreme Court Judge before whom Ms. Taylor appeared, the judge never signed the proposed order appointing Ms. Taylor as the appellant's guardian, and, moreover, the signature on the order submitted by the appellant was not the signature of the judge. The government has also informed this Court that, although Ms. Taylor was never formally appointed as the appellant's guardian, the state court proceedings are still pending and Ms. Taylor has moved to withdraw her guardianship petition.

"Every action shall be prosecuted in the name of the real party in interest." Fed. R.Civ.P. 17(a). Rule 17 provides that "[t]he capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile." Fed. R.Civ.P. 17(b). In *Neilson v. Colgate–Palmolive Co.*, 199 F.3d 642, 650 (2d Cir.1999), this Court noted that New York state law provides that the appointed guardian of a person who has been adjudicated incompetent replaces the incompetent ward as the real party in interest. In the present case, a question of fact exists as to whether the appellant has been adjudicated incompetent by the New York Supreme Court and whether any guardian has been appointed.

Because this issue only emerged at oral argument and was unknown to the district court during the weeks and months when

it patiently granted adjournments to Ms. Taylor in the belief that she was her brother's legal guardian, we are obliged to remand this action. Accordingly, for the reasons set forth, this Court remands this action to the district court for further proceedings, pursuant to *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994), to determine whether the appellant has, in fact, been adjudicated incompetent by the state court; whether any person has been appointed to serve as his guardian; and whether that guardianship appointment remains in force.

Should the district court find that Taylor has been adjudicated incompetent by the state court and that a guardianship appointment is in effect, this Court directs the district court to serve notice on that guardian that within thirty (30) days of the notice, the guardian is to join or substitute as a party to the present appeal, and be represented on the appeal by counsel, and that failure to comply with that deadline will result in this Court's dismissal of the appeal.

Should the district court find that Taylor has been adjudicated incompetent by the state court but that no guardianship appointment is in effect, or should the district court find that Taylor has not been adjudicated incompetent by the state court, this Court directs the district court to vacate its order of dismissal, reopen Taylor's case and, in its discretion, either (1) enter a stay pending further state court proceedings as to Taylor's current competency and current need for a guardian; or (2) make an independent determination as to whether Taylor is competent to litigate this action, and if not, itself appoint a guardian *ad litem.*

